## Richard F. PRATER v. STATE.
### No. 17357.

Court of Criminal Appeals of Texas.
March 13, 1935.

Rehearing Denied May 1, 1935.

Murray Brownlee, of McKinney, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

MORROW, Presiding Judge.

The conviction is for the violation of the law forbidding the possession for the purpose of sale of intoxicating liquor in a "dry" territory; penalty assessed at confinement in the penitentiary for one year.

Appellant was charged by indictment with the possession for the purpose of sale of malt liquor containing in excess of 1 per cent. of alcohol by volume, in Collin county, Tex., in which county the sale of intoxicating liquor has been prohibited by local option election held under the laws of the state of Texas, which election was in force at the time of the commission of the offense.

· The question presented is the same as that dealt with in the case of Foster v. State (Tex.Cr.App.) [1] in which an affirmance was ordered in an opinion delivered March 6, 1935.

Upon the reason and authority of the Foster Case, supra, the judgment in the present instance is affirmed.

### On Motion for Rehearing.

LATTIMORE, Judge.

Appellant in person presents a motion for rehearing asserting that the indictment is fatally defective. We think the indictment sufficient. Complaint of the insufficiency of the testimony is of no avail in the absence of a statement of facts.

The motion for rehearing is overruled.

## E. A. RANNE v. STATE.
### No. 17680.

Court of Criminal Appeals of Texas.
Nov. 27, 1935.

Owen Bybee, of Childress, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

LATTIMORE, Judge.

This cause is one pending upon the dockets of this court wherein the accused is charged with the possession of intoxicating liquor for the purpose of sale; the prosecution being under the Dean Law (Pen. Code 1925, art. 666 et seq., as amended). Following what has been said by us in an opinion this day handed down in Guy Meadows v. State, 88 S.W.(2d) 481, the motion for rehearing is granted, the judgment of affirmance is set aside, the opinion rendered is withdrawn, and the judgment is now reversed, and the prosecution ordered dismissed. ·

[1] Opinion withdrawn on rehearing, see 88 S.W.(2d) 481.